UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO . 10-20661-CIV-SEITZ/O'SULLIVAN

CARMELO GOMEZ,

    Plaintiff,
vs.

MIAMI GROCERS, INC.,

    Defendant.
_____/

## ORDER APPROVING SETTLEMENT AGREEMENT AND RECOMMENDING THAT THE CASE BE DISMISSED WITH PREJUDICE

THIS MATTER came before the Court on a hearing concerning the parties' settlement and the parties' Joint Motion for Dismissal with Prejudice. (DE# 11, 4/13/2010)

THE COURT has heard from counsel and has considered the terms of the Settlement Agreement, the pertinent portions of the record, and is otherwise fully advised in the premises.

This case involves a claim for unpaid overtime compensation under the Fair Labor Standards Act, 29 U.S.C. §201, et seq ("FLSA").  In reviewing a settlement of an FLSA private claim, a court must "scrutiniz[e] the settlement for fairness," and determine that the settlement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." Lynn Food Stores v. United States, 679 F.2d 1350, 1352-53 (11th Cir. 1982).  A settlement entered into in an adversarial context where both sides are represented by counsel throughout litigation "is more likely to reflect a reasonable compromise of disputed issues." Id.  The district court may approve the settlement in order to promote the policy of encouraging settlement of litigation. Id. at 1354.

In this case, there is a bona fide dispute over the amount of hours the plaintiff worked and whether he is entitled to overtime pay.  The Court has reviewed the terms of the Settlement Agreement including the amount to be received by the plaintiff and the attorney's fees and costs to be received by counsel and finds that the compromise reached by the parties is a fair and reasonable resolution of the parties' bona fide disputes.  Accordingly, it is

**ORDERED AND ADJUDGED** that the parties' Settlement Agreement (including attorney's fees and costs)  is hereby **APPROVED**. It is further

**RECOMMENDED** that this case be **DISMISSED WITH PREJUDICE** and that the Court retain jurisdiction for thirty days to enforce the terms of the Settlement Agreement**.**

DONE AND ORDERED, in Chambers, at Miami, Florida, this **14th** day of April, 2010.

_____
JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
United States District Judge Seitz
All Counsel of Record